IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCIE MARIE WEBBER, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-5444 |
| | ) | Judge Charles P. Kocoras |
| RICARDO FERNANDEZ, IDHS | ) | |
|     Respondent. | ) | |
| | ) | |

**PETITIONER'S RESPONSE TO RESPONDENT'S
SUBMISSION REGARDING EXHAUSTION**

Petitioner, **MARCIE MARIE WEBBER**, by and through her appointed counsel, **JOSHUA G. HERMAN**, hereby submits her response to Respondent's Submission Regarding Exhaustion (Dkt. #11). As discussed below, Petitioner has exhausted her state court remedies and respectfully submits that a briefing schedule and/or hearing be set to address the claims raised in her habeas petition.[1]

On October 13, 2021, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. #1). On December 21, 2021, the Court granted Petitioner's motion for appointed counsel (Dkt. #4), and further ordered Respondent to submit a filing regarding whether Petitioner has exhausted her state court remedies. (Dkt. #6). The Court also ordered Petitioner to respond to that submission. (*Id.*). Other than ordering briefing on the discrete question of exhaustion of state court remedies, the Court did not require Respondent to answer or otherwise respond to the habeas petition. (*Id.*).

On February 9, 2022, Respondent filed its pleading entitled, "Submission Regarding Exhaustion." (Dkt. #11). As set forth in that pleading, Respondent acknowledges that Petitioner

---

[1] Should the Court determine that a status hearing would be helpful to chart a course forward, counsel would respectfully request that Petitioner be made available by telephone or video.

1

has exhausted her state court remedies with respect to her habeas claim that is based on the Illinois appellate court's June 2021 opinion that reversed the Circuit Court of DuPage County's December 2019 decision that ordered Petitioner's conditional release from the custody of the Illinois Department of Human Services. (*Id.*, p. 4).[2] Respondent further acknowledges that Petitioner has exhausted her state remedies regarding additional arguments directed at the alleged concealment of material facts and falsification of records in the state court. (*Id.*, pp. 4-5). Petitioner concurs with Respondent's conclusions that she has exhausted her remedies.

Thus, as to the narrow question posed by the Court, the parties agree that Petitioner has exhausted her state court remedies and her claims may proceed beyond that threshold issue. As such, Petitioner respectfully requests that Respondent be ordered to answer or otherwise respond to the habeas petition in order to determine whether an evidentiary hearing is warranted. *See* Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (permitting judge to order respondent to file answer, motion, or respond to petition); Rule 5 ("The Answer and the Reply"); and Rule 8 ("Evidentiary Hearing").

                                               Respectfully Submitted,

                                               /s/ Joshua G. Herman
                                               **JOSHUA G. HERMAN**

**LAW OFFICE OF JOSHUA G. HERMAN**
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
Tel: (312) 909-0434
jherman@joshhermanlaw.com

---

[2] As Respondent observed, Petitioner filed a *certiorari* petition in the United States Supreme Court following the denial of her Petition for Leave to Appeal to the Illinois Supreme Court. (Dkt. #11, p. 2). While the *certiorari* petition did not alter Respondent's conclusion that Petitioner had exhausted her state court remedies, it should be noted that on February 22, 2022, the United States Supreme Court denied the petition. *See* Docket, *Webber v. Illinois*, Case No. 21-957 (available at: https://bit.ly/3sswIhZ).

## CERTIFICATE OF SERVICE

       Joshua G. Herman, Attorney at Law, hereby certifies that the foregoing was served on February 28, 2022, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P.5., LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                            /s/ Joshua G. Herman
                                            **JOSHUA G. HERMAN**

**LAW OFFICE OF JOSHUA G. HERMAN**
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
Tel: (312) 909-0434
jherman@joshhermanlaw.com